UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DINA MCGUIRE,

    Plaintiff,

v.

MCAAR LLC, d/b/a PROPS
STEAK AND SEAFOOD and
CATHY REECE,

    Defendants.

Case No.:

## COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

Plaintiff, DINA MCGUIRE, brings this lawsuit against the above captioned Defendants, MCAAR LLC, D/B/A PROPS STEAK AND SEAFOOD. and CATHY REECE, (collectively referred to as "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay overtime compensation at a rate of 1.5 times her regular rate of pay for all hours worked over forty hours a week.

### *Introduction*

1. As explained herein, an employer violates the FLSA when it does not pay minimum wages or overtime compensation to any employee who is non-exempt.

2. Employees are either exempt or non-exempt and the key to determination of exempt status does not depend on the employer's general characterization of job; what is important is what the employee actually does on a day-to-day basis. *Ale v. Tennessee Valley Authority,* 269 F.3d 688, 691 (6th Cir. 2001).

3. It is well settled that employees are *presumed* to be non-exempt; that is, that they are entitled to overtime at the rate of time and one half their regular hourly rate for hours worked after 40 each week. *Ale v. TennesseeValley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

4. There is no exemption to the application of the FLSA in this case, but to the extent one is asserted, the defendant "must establish through clear and affirmative evidence that the employee meets every requirement of an exemption." *Ale v. TennesseeValley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

5. Plaintiff is, and at all times relevant, was a non-exempt employee under the Fair Labor Standards Act as she was employed by Defendants as a server in Defendants' restaurant, a well-known non-exempt position. She regularly

worked in excess of 40 hours per week and was not paid overtime for some or all of her work. She has suffered damages as a consequence.

## *The Parties*

6. Plaintiff is a Georgia resident who worked for Defendants as an employee in the position of server within the meaning of the FLSA from on or about February 2018 until February 2021.

7. Defendant, MCAAR LLC, D/B/A PROPS STEAK AND SEAFOOD (MCAAR) is a Georgia corporation, with a principal address of 1289 S. Houston Lake Road, Warner Robins, GA 31088.

8. MCAAR lists Defendant, Cathy Reece, as its registered agent with an address for service at the same address.

9. Defendant, CATHY REECE (Reece), is a Georgia resident and an individual who conducts business in the state of Georgia as the highest ranking officer of MCAAR LLC and member (owner) of Props.

10. Reece, upon information and belief is also the day to day general manager of Props and created and instituted the unlawful pay practices complained of herein.

11. Reece sets pay rates for Props employees, including the Plaintiff, and otherwise instructs the Plaintiff and other employees as to their job duties and requirements.

12. As an officer, manager, and/or owner of the Defendant MCAAR, REECE is an employer within the meaning of the FLSA. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

### *Jurisdiction*

13. The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act

14. This Court has personal jurisdiction over Defendant MCAAR because it is a company organized under the laws of Georgia, and also operates its business from a fixed location inside the State of Georgia in this district from the Props restaurant location.

15. This Court has personal jurisdiction over Defendant Reece because she is a Georgia resident and/or is engaged in business within the State of Georgia.

16. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred in the Middle District of Georgia, specifically in Warner Robins, Georgia and Defendants are subject to personal jurisdiction within this District and division as it engaged in business therein.

### *Plaintiff's Job*

17. Plaintiff worked as a bartender for Defendants and performed her job duties which included taking customer orders and serving food and drinks, and collecting and processing payment of the customer's bill.

18. Plaintiff was a tipped employee and earned tips from customers.

19. Plaintiff did not manage other employees.

### *Dates of Employment*

20. Plaintiff began her employment with Defendants on or around February 2018 and continued to on or about February 2021. At all times material, she performed her work for Defendants at the Props Steak and Seafood Restaurant.

### *Rates of Pay*

21. Plaintiff was paid hourly at this time at a reduced server tipped employee rate of pay at $5.00 per hour.

22. Defendants took a tip credit in the sum of $2.25 against the mandatory federal and state minimum wage of $7.25 per hour as permitted by law.

### *Hours Worked*

23. During Plaintiff's employment, Plaintiff regularly worked in excess of 40 hours a week, but she was never paid time and a half (1.5) or a premium for this work.

24. Plaintiff was paid just the same base hourly rate of pay for overtime hours worked.

25. The Defendants are aware that the Plaintiff regularly worked more than forty (40) hours a week, as the hours are on her paychecks and pay stubs.

26. Defendants required Plaintiff to work more than forty (40) hours in any given workweek.

27. Defendants did not compensate Plaintiff the correct and lawful premium rate for all hours worked in excess of forty (40) in each given workweek.

### *Evidence of Hours*

28. Evidence reflecting the precise number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, is in the possession of the Defendants.

29. Some of these records indicate work performed by the Plaintiff in excess of 40 hours in a workweek without being paid the proper premium pay for these hours.

30. If these records are unavailable or unreliable, Plaintiff may establish the hours she worked solely by her testimony, and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

### *Defendants Bad Faith in Stealing Wages*

31. Defendants' failure to pay a premium as required by the FLSA for all hours worked over 40 in each and every workweek by Plaintiff was knowing and willful.

32. Defendants *knew* they should be paying Plaintiff overtime premiums, being in the business of operating a restaurant, but willfully failed to do so.

33. Defendants *were aware* of the laws concerning overtime, as they have operated this Props restaurant for more than two years, and upon information and belief employ 40 or more persons at any given time.

34. Defendants willfully misled Plaintiff concerning why her overtime hours were not compensated at higher rates and at time and one half her regular rate of pay.

35. Upon information and belief, Defendants did not check with legal counsel, nor any other professional to determine whether their pay practices were in compliance with the Fair Labor Standards Act, as doing so, would have easily made it clear to them their pay practices were unlawful.

36. Defendants did not check with the Department of Labor to determine whether their pay practices were in compliance with the Fair Labor Standards Act.

37. Accordingly, Plaintiff is entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid at the correct rates, liquidated damages and for a three-year period of time.

38. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and servers in their establishment.

## *Coverage under the FLSA*

39. Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the FLSA.

40. During the times relevant to this Complaint, MCAAR employed more than two employees and generated more than $500,000 in revenues for the relevant years of 2019 and pro rata into 2020.

41. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

42. The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d). *See also Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. Nev. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

43. Defendants employed Plaintiff as an employee within the meaning of the FLSA § 203.

44. Alternatively, Plaintiff was engaged in interstate commerce by processing credit card transactions for patrons of the restaurant across state lines and serving customers who were traveling and residents of other states.

## COUNT 1
## Overtime Due Under the FLSA
## 29 U.S.C. § 207
## (As to All Defendants)

45. Plaintiff re-alleges the foregoing paragraphs as if fully set forth in this Count.

46. Plaintiff brings this Complaint for violations of the FLSA to recover unpaid wages in violation of the overtime requirements, liquidated damages, interest, and attorneys' fees and costs of this litigation.

47. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA. Further, Defendants knew of all the hours Plaintiff worked.

48. As stated herein, Plaintiff was entitled to overtime compensation at a rate no less than time and a half (1.5) the federal minimum wage of $7.25 per hour for the hours she worked beyond forty in any given workweek.

49. Plaintiff was willfully and knowingly underpaid for all overtime hours worked by Defendants.

50. Plaintiff routinely worked approximately between two and 16 overtime hours on a consistent basis throughout the period of November 2019 until December 2020.

51. Defendants did not pay Plaintiff overtime compensation at a rate of time and one half (1.5) the federal minimum wage rate of pay for these hours worked over forty in a given workweek.

52. Defendants' failure to pay Plaintiff overtime compensation at a rate not less than time and one half (1.5) the minimum wage for all hours worked over forty (40) in a given workweek is a violation of the FLSA, in particular, 29 U.S.C. § 207.

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Due to Defendants' FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendants the unpaid and underpaid overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs of this action, pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

a. That the Court finds the Defendants in violation of the overtime compensation provisions of the FLSA and that the Court finds that Defendants' violation of the FLSA was and is willful and lacking in a good faith basis under the FLSA;

b. That the Court award Plaintiff overtime compensation for all the previous hours worked over forty (40) hours in each given workweek in the last three years and the correct and lawful rate, AND award liquidated damages of an equal amount; and

c. That the court order Defendants to pay Plaintiff her incurred attorneys' fees and costs pursuant to § 216 of the FLSA as a prevailing plaintiff.

Respectfully submitted this 10th day of March, 2020 by:

*/s/ Mitchell Feldman*
Mitchell Feldman, Esq.
Georgia Bar #:  257791
Feldman Legal Group
6940 W. Linebaugh Ave. #101
Tampa, Florida 33625
T: 813-639 9366
F: 813 639 9376
E:  mfeldman@flandgatrialattorneys.com